[PHILADELPHIA, FEBRUARY 16TH, 1839.]

## RICE *against* MORRIS.

### IN ERROR.

In an action brought in the District Court for the city and County of Philadelphia, by the payee of a note for $136, against the maker, the latter filed an affidavit of defence, setting forth that at the time the note was given an agreement was made between them, that if the defendant should within two weeks pay him the sum of $110, the note should be given up; that the original note for which this was given was an accommodation note, for which the defendant had never received any value; and that he, the defendant, tendered the said amount at the time appointed, and is still ready to pay the same: *Held*, that the alleged agreement was without consideration, and that the District Court was right in entering judgment for want of a sufficient affidavit of defence.

ERROR to the District Court for the City and County of Philadelphia.

Anthony P. Morris brought an action on the case in that Court to June term, 1837, and on the 5th of June 1837, filed in the prothonotary's office a copy of the note on which the suit was brought, and which was as follows.

(Rice *v.* Morris.)

" Phila. Feb. 23, 1837.

Dollars 136 60.

Sixty days after date, I promise to pay Anthony P. Morris, or order, one hundred and thirty-six dollars 60-100, without defalcation, for value received.

MARTIN RICE."

The defendant filed an affidavit of defence as follows :—

" Martin Rice, the above-named defendant, being duly sworn, says, that at the time the said note upon which this suit is founded, was given to Anthony P. Morris, in whose favour it was drawn, that an agreement was made between the said Martin Rice and himself, to this effect, that if he the said Martin, did, within two weeks from its date, pay him, the said Anthony, the sum of one hundred and ten dollars for the said note, that it should be given up to the said Martin, and cancelled. That said Anthony was moved to make said agreement, from the fact, that said note, or rather the original note, was a mere accommodation note, for which the said Martin had never received any value. That the said Martin, according to his said agreement, did tender, at the time appointed, the said sum as agreed on, to the said Anthony, who refused the same: that the said Martin is now willing to pay the said sum of money as thus,—twenty dollars book account, owing him by the said Anthony, and the balance in cash. That the said Anthony held the said note when it became due; that deponent for this reason claims to have this defence to the claim of the said plaintiff: but is willing, nevertheless, to make good his said agreement."

The plaintiff's counsel obtained a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defence, which, after argument, was made absolute; and judgment was entered accordingly, on the 7th of October, 1837.

The defendant then removed the record by writ of error, and filed the following specification.

" The Court erred in entering judgment for the plaintiff, after the defendant had sworn to a substantial defence."

Mr. *Jack* for the plaintiff in error, cited *Chitty on Bills*, p. 81, ed. 1836. *Jones* v. *Barkley*, (*Douglas*, 684.)

Mr. *Price*, for the defendant in error was stopped.

The opinion of the Court was delivered by

KENNEDY, J.—The promise set forth in the affidavit of defence

(Rice *v.* Morris.)

filed by the defendant in the Court below, does not appear to have been made by the plaintiff upon a consideration sufficient in law to support it; and, therefore, though made, cannot be considered binding. It is what the law terms a *nudum pactum.* For aught that appears in the affidavit, the amount of the note upon which the suit is founded, was justly due and owing to the plaintiff below, by the defendant: notwithstanding, it may be as the latter has sworn, that he derived no benefit from it.. But his friend did, to whom he lent his name and his credit, that he might obtain the amount of it in money from the plaintiff; so that the plaintiff having been induced by the defendant below, upon his faith and credit, to part with his money, the latter is as much bound in conscience, equity, and law, to repay the former, as if he had received the money from the plaintiff himself. It is not alleged that the plaintiff did not advance the full amount of the note to the person for whose accommodation the defendant below originally put his name on the paper. In the absence of such obligation, it is but fair to presume, that the plaintiff below was money out of pocket, when the defendant gave the note in question, to the amount of it, through the interference of the latter for his friend, who therefore in justice had no right to claim any deduction; and having given his note for nothing more than what he was equitably as well as legally bound to pay the plaintiff, the mere promise of the latter to release him upon his paying a less sum, then or before the day mentioned in the note for its payment, cannot be pleaded in discharge of the note; it is but an accord, at most, which, without satisfaction cannot avail.—The judgment is therefore affirmed.

Judgment affirmed.